UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK C. CALABRESE                                               CIVIL ACTION

VERSUS                                                                     NO. 10-1167

FOX PRO MEDIA, INC., ET AL                                   SECTION "K"(4)

**ORDER AND OPINION**

Before the Court is the "Motion to Assess Attorney's Fees" filed on behalf of plaintiff Frank C. Calabrese (Doc. 18); the Court received no opposition to the motion. Having reviewed the pleadings, plaintiff's memorandum in support of the motion, and relevant law, the Court, for the reasons assigned grants the motion in part.

In April 2004, Frank C. Calabrese entered into an oral contract with Fox Pro Media, Inc., f/k/a Fox Print Direct, Inc. ("FDPI") for the sale to FDPI of a commercial printing press. Hal G. Fox personally guaranteed payment for the commercial printing press. When FDPI failed to timely make a balloon payment due under the contract, the parties entered into a modified payment agreement which FDPI thereafter failed to make certain payments under. Mr. Calabrese then agreed to postpone declaring FDPI in default under the modified agreement in return for FDPI's promise to resume making regular payments under the modified agreement and FDPI's execution of a written security agreement covering the commercial printing press in Frank C. Calabrese's favor. Subsequently FDPI executed the contemplated security agreement. Thereafter when FDPI failed to make the payments due under the modified agreement, Frank C. Calabrese filed suit against alleging claims for breach of contract and breach of the Security Agreement against FDPI and a claim for breach of personal guarantee against Gal G. Fox.

When defendants failed to answer the complaint, plaintiff filed a motion for entry of default, which the Clerk of Court entered on September 14, 2010. (Doc. 11). Plaintiff then filed an "Application for Entry of Default Judgment" (Doc. 15). On October 25, 2010, the Court entered a default judgment against "the defendants, FOX PRO MEDIA, INC. and HAL G. Fox, Sr., jointly, severally, and solidarily, condemning them to pay to the plaintiff FRANK C. CALABRESE, the principal sum of $204,361.48, plus interest on that sum from October 1, 2009, until paid, at the contract rate of 5% per annum, or $27.994723 per day, together with the costs and attorney's fees incurred by plaintiff in the prosecution of this action." Doc. 16.

Plaintiff now seeks to recover attorneys fees of $30,654.52 as payment for the attorney fees already incurred as well payment for any future attorney's fees incurred in enforcing the judgment. The sum of $30,654.52 represents 15% of the principal amount of the judgment. Plaintiff has submitted billing statements totaling $18,291.25 for legal services tendered to him by his counsel as well as an affidavit executed by his counsel James A. Babst stating that the "the fees and costs reflected [in the billing statements] were reasonably and appropriately incurred in the prosecution of this matter, from inception through entry of the default judgment on October 26, 2010, and the filing of plaintiff's bill of costs and motion to assess attorney's fees." Doc. 18-2. The Court has reviewed the record as well as the billing statements and concludes that $18,291.25 is a reasonable amount of attorney's fees to recover for the efforts of counsel in drafting this suit and obtaining a default judgment against the defendants. The billing statements submitted by plaintiff also reflect that plaintiff has incurred $704.54 in expenses in connection with this litigation. Review of the record indicates that the Clerk of Court taxed $536.60 in costs against the defendants, including amounts for fees to the Clerk of Court and for service of summons and subpoena. Thus,

reimbursable costs have already been charged to the defendants.  Therefore, no additional amount is owed for costs incurred by plaintiff.

Plaintiff also seeks to recover attorney's fees and costs to be incurred in any future efforts to collect on the default judgment.  Because there is no reasonable basis to determine what legal efforts will be needed to enforce the judgment entered in this matter, the Court concludes that it is inappropriate to award plaintiff any sums for future attorneys fees or costs.  See *American States Insurance Company v. Arete Real Estate and Development*, 2009 WL 854836 at *6 (N.D. Tex. March 30, 2009).  Accordingly,

**IT IS ORDERED** that attorney's fees in the amount of $18,291.25 are hereby assessed and included in the judgment rendered herein against the defendants, Fox Pro Media, Inc., and Hal G. Fox, Sr., jointly, severally, and solidarily.

New Orleans, Louisiana this 7th day of December, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

3